MAY 21 2026 AM 11:48
FILED - USDC - FLMD - TPA

# United States District Court

# for the Middle District of Florida

**Darrell Huskey**

Plaintiff, **Case No.**

8:26-CV-1534-JLB-CPT

v. **Request for Jury Trial MID FLORIDA CREDIT UNION**

Defendant

# Complaint

## INTRODUCTION

1. Plaintiff brings MID FLORIDA CREDIT UNION claims pursuant to the Fair Credit

Reporting Act (FCRA), 15 U.S.C. §1681 *et seq.*

## Jurisdiction

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 28 U. S. C § 1331. Venue is

proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2)

because a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim

occurred in this judicial district. Defendant Mid Florida Credit Union transacts business in

Lakeland, Florida

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.
## PARTIES

4. Plaintiff Darrell Huskey is a natural person, residing in Florida.

5. Darrell Huskey is a "consumer" as defined in 15 U.S.C § 1681a(c).  6. Upon information and belief, MID FLORIDA CREDIT UNION (hereinafter "CREDITOR") is a financial institution and is licensed to do business in the State of Florida, with a principal address of 6011 US 27 North, Sebring, FL, 333870.  7. MID FLORIDA CREDIT UNION regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about credit transactions or experiences with the consumer(s), 15 U.S.C. §1681s-2(b), and is a "furnisher" under the FCRA.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## BACKROUND

## THE FCRA

9. The FCRA was enacted by Congress to promote the accuracy and fairness of credit reporting and that:

(1) The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine public confidence which is essential to the continued functioning of the banking system.

(2) An elaborate mechanism has been developed for investigating and evaluating the creditworthiness, credit standing, credit capacity, character, and general reputation of consumers.

(3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.

(4) There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy." 15 U.S.C § 1681.

## **FACTUAL ALLEGATIONS**

10. Plaintiff adopts and realleges the foregoing as fully restated herein.

11. Plaintiff obtained a credit card from Defendant.

12. At some point thereafter, Plaintiff was unable to make payments, and the account was charged off.

13. The agreement between Plaintiff and Defendant states that all claims, disputes, and controversies must be settled through binding arbitration.

14. Defendant failed to afford Plaintiff the opportunity to settle such dispute(s) through means of arbitration before taking adverse action against Plaintiff.

15. Equifax and Trans Union are national consumer reporting agencies that are in the regular course of business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing reports as defined in 15 U.S.C § 1681a(d)(1).

16. The consumer reporting agencies are not a party in this case.

17. On around August 2025, Plaintiff checked his credit report and observed inaccurate and incomplete information for Defendant accounts, reporting on his Equifax and TransUnion reports.

18. Plaintiff made disputes for inaccurate/incomplete payment history/balance history for the accounts mentioned above through the consumer reporting agencies Equifax and TransUnion.

19. Equifax and TransUnion then forwarded the dispute and all relevant information to Defendant.

20. The results came back verified on Equifax 09/17/2025 #5244537824 and TransUnion 09/16/2025 #000366746802 (Exhibit A), and the information remains blatantly inaccurate and incomplete.

21. Upon information and belief, Defendant did not conduct a reasonable investigation under the Fair Credit Reporting Act after receiving disputes from the Plaintiff through the consumer reporting agencies Equifax and TransUnion.

22. After reviewing the dispute results, Plaintiff noticed that Defendant failed to mark the account as being in dispute on all consumer reports.

23. Defendant's failure to mark the account as being in dispute materially lowers Plaintiff's credit score by failing to note Plaintiff's dispute. *Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).*

24. Further review of the dispute results showed that the payment history, including the balance history portion of the payment history is inaccurate, and the monthly payment is incomplete.

25. Defendant's reinvestigation results and continued reporting contain information that is materially misleading and thus, inaccurate. See *Shaw v. Experian Information Solutions, Inc.,* concluded that an item of information on a consumer's credit report is "inaccurate" if

it either is "patently incorrect" **or** is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." 891 F.3d, 749, 756 (9th Cir. 2018)

26. Defendant verified the disputed information without account-level documentation which is a violation of the FCRA.

27. The FCRA section 1681s-2(b) contemplates three potential ending points to a reinvestigation: verification of accuracy, a determination of inaccuracy or incompleteness, or a determination that the information *"cannot be verified."* See 15 USC 1681s-2(b)(1)(E).

28. When CRA's re-investigation results said "verified" that was a violation because Defendant didn't possess account-level documentation such as proof.

29. As the FCRA does not define "verify" or "investigation," we must look to the ordinary meaning of those terms. *See United States v. Santos*, 553 U.S. 507, 511, 128 S.Ct. 2020, 2024 (2008)) ("When a term is undefined, we give it its ordinary meaning."); *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain the ordinary meaning, courts often turn to dictionary definitions for guidance.").

30. The ordinary meaning of "verification" is: (1) "evidence that establishes or confirms the accuracy or truth of something"; (2) "the process of research, examination, etc., required to prove or establish authenticity or validity"; (3) "a formal assertion of the truth of something, as by oath or affidavit"; and (4) "a short confirmatory affidavit at the end of a pleading or petition." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782-83 (6th Cir. 2014) (quoting *Random House Unabridged Dictionary* 2113

(2d ed.1993). "Verify" has a similar meaning in the legal context. *See Black's Law Dictionary*1793 (10th ed. 2014) ("verify vb. (14c) 1. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. 2. To confirm or substantiate by oath or affidavit; to swear to the truth of."). Finally, the term "investigation" is defined as "[a] detailed inquiry or systematic examination" or "a searching inquiry." *Johnson*, 357 F.3d at 430 (quoting *Am. Heritage Dictionary* 920 (4th ed. 2000); *Webster's Third New Int'l Dictionary* 1189 (1981)).

31. A reasonable jury could find a violation of § 1681s-2(b) where Defendant "d[id] not look beyond the information contained in the [internal data file] and never consult[ed] underlying documents such as account applications"); *Hinkle v Midland (11th Cir 2016)*.

32. Verification might be accomplished by uncovering documentary evidence that is sufficient to prove that the information is true. *See Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004).

33. When Defendant reports that disputed information has been verified, the question of whether the Defendant behaved reasonably will turn to whether the Defendant acquired sufficient evidence to support the conclusion that the information was true. There is a factual question, and it will normally be reserved for trial.

34. Regulating agencies such as the Consumer Financial Protection Bureau and the Federal Trade Commission provides guidelines regarding *"Reasonable Policies and Procedures Concerning the Accuracy and Integrity of Furnished Information"*. See 12 CFR 1022.42.

35. This particular Code of Federal Regulation contains "Appendix E" which further demonstrates "Interagency Guidelines Concerning the Accuracy and Integrity of Information Furnished to Consumer Reporting Agencies" clearly outlining the " (i)

nature, scope and objectives of policies and procedures, (ii) establishing and implementing policies and procedures, (iii) specific components of policies and procedures".

36. Evidence will show that Defendant fails to have reasonable policies and procedures in place to ensure the accuracy and integrity of its reporting on the Plaintiff. 37. Defendant verified inaccurate and incomplete information as being correct with the Consumer reporting agencies Equifax and TransUnion without conducting any investigation because disputed items remained blatantly inaccurate and incomplete.

38. Defendant has been reporting inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that have been disseminated to various persons and credit grantors, both known and unknown, from at least November 2020 through May 2026.

39. Defendant actions were willful because Plaintiff has disputed the same account information through other Consumer reporting agencies multiple times and Defendant has repeatedly continued to fail to correctly modify, block or delete the accounts mentioned as required under the Fair Credit Reporting Act.

40. As a result, Plaintiffs creditworthiness is negatively impacted because the credit reporting from Defendant is materially misleading and is being interpreted incorrectly. 41. .The inaccurate, incomplete, misleading reporting from Defendant has forced the Plaintiff to deal with emotional distress, fear, sleeplessness, anxiety, and loss of time.

42. Defendant has an arbitration agreement. (Exhibit B)

43. On or around November 3rd, 2025, Plaintiff filed an arbitration to bring claims under the

FCRA; however, Defendant has been kicked out of the arbitration venue, the American Arbitration Association, due to repeated failures to pay arbitration fees.

44. Despite having an arbitration agreement, the defendant has failed to arbitrate the dispute, further breaching the contract.

45. Despite there being an arbitration agreement, Defendant does not arbitrate matters. 46. This has further harmed the plaintiff, with loss of time and further misrepresentation of the agreement.

## COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681s-2(b)(1)(A) DEFENDANT MID FLORIDA CREDIT UNION

43. All preceding paragraphs are realleged.

44. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

45. Furnishers must conduct an investigation with respect to the disputed information pursuant to 15 U.S.C § 1681s-2(b)(1)(A).

46. Defendant repeatedly has failed to conduct an investigation of the Plaintiffs disputes. Defendant knew or should have known that they were furnishing incomplete, inaccurate, Payment/balance history information because they received various disputes bringing attention to this inaccurate and incomplete information.

47. After conducting no investigation or failing to conduct a reasonable investigation, Defendant's actions violated 15 U.S.C § 1681s-2(b)(1)(A) and renders Defendant liable

for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Defendant

negligent actions entitles Plaintiff to recovery under 15 U.S.C § 1681o as well.

## COUNT II VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681s-2(b)(1)(B) DEFENDANT MID FLORIDA CREDIT UNION

47. All preceding paragraphs are realleged.

48. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

49. Furnishers must review all relevant information provided by the consumer reporting agency pursuant to 15 U.S.C § 1681s-2(b)(1)(B).

50. Defendant has failed to review all relevant information provided by the consumer reporting agency resulting in continued inaccurate and incomplete reporting to the Plaintiff's consumer report.

51. Defendant's actions violated 15 U.S.C § 1681s-2(b)(1)(B) and renders Defendant liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Defendant's negligent actions entitles Plaintiff to recovery under 15 U.S.C § 1681o as well.

## COUNT III VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681s-2(b)(1)(C) DEFENDANT MID FLORIDA CREDIT UNION

52. All preceding paragraphs are realleged

53. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

54. Furnishers must report the results of the investigation to the consumer reporting agency pursuant to 15 U.S.C § 1681s-2(b)(1)(C).

55. Defendant has failed to report results to the consumer reporting agency because inaccurate and incomplete items disputed by the Plaintiff remain unchanged. Defendant continues to report misleading dispute statuses of "account previously in dispute investigation complete."

56. Defendant either conducted no investigation or an unreasonable investigation because disputed items remain inaccurate and incomplete therefore would be unable to report results of an investigation they did not conduct or complete to the consumer reporting agencies.

57. Defendant's actions violated 15 U.S.C § 1681s-2(b)(1)(C) and renders Defendant liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n.Defendant's negligent actions entitles Plaintiff to recovery under 15 U.S.C § 1681o as well.

## COUNT IV VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C § 1681s-2(b)(1)(D) DEFENDANT MID FLORIDA CREDIT UNION

58. All preceding paragraphs are realleged

59. Furnishers of credit information have a duty under the Fair Credit Reporting Act to investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

60. Furnishers must report results of an investigation to all Consumer reporting agencies to which they furnished the information and that compile and maintain files on the Plaintiff on a nationwide basis if the investigation finds the information is incomplete or inaccurate pursuant to 15 U.S.C § 1681s-2(b)(1)(D).

61. Defendant failed to conduct an investigation or a reasonable investigation therefore did not report the results of inaccurate and incomplete information it furnished to all consumer reporting agencies pursuant to 15 U.S.C § 1681s-2(b)(1)(D).

62. MID FLORIDA CREDIT UNION Credit Card's actions violated 15 U.S.C § 1681s 2(b)(1)(D) and renders Defendant liable for actual, statutory, and punitive damages and cost under 15 U.S.C § 1681n. Defendant negligent actions entitles Plaintiff to recovery under 15 U.S.C § 1681o as well.

## COUNT V VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681s-2(b)(1)(E) DEFENDANT MID FLORIDA CREDIT UNION

63. All preceding paragraphs are realleged.

64. Furnishers of credit information have a duty under the Fair Credit Reporting Act to

investigate disputes sent to them through a consumer reporting agency from a consumer regarding the completeness and accuracy of an account.

65. Pursuant to 15 U.S.C § 1681s-2(b)(1)(E), if an item of information disputed by a consumer is found to be inaccurate, incomplete or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly modify the information, delete the information, or permanently block the reporting of that item of information.

66. Defendant failed to conduct an investigation or conducted an unreasonable investigation resulting in Defendant's verification of inaccurate and incomplete disputed items on the Plaintiffs consumer report.

67. Defendant's willful actions resulted in the failure to either correctly modify the items of information disputed, delete disputed items, or permanently block the reporting of the items of information disputed.

68. Defendant's actions violated 15 U.S.C § 1681s-2(b)(1)(E) and render Defendant liable for actual, statutory, and punitive damages and costs under 15 U.S.C § 1681n. Defendant's negligent actions entitle Plaintiff to recovery under 15 U.S.C § 1681o as well.

## Count 6: Breach of Contract against Defendant
## FURNISHER

69. Plaintiff adopts and realleges the foregoing as fully restated herein. 70. Defendant failed to follow the terms of their credit card agreement in the following respects:

a. Failing to take the matter to arbitration before the closure of the account. 71. As a

result of Mid Florida Credit Union's conduct, Plaintiff is entitled to an award against Mid Florida Credit Union and rescission of the contract.

72. Defendant failed to arbitrate this matter after the plaintiff had initiated arbitration.


## Request for Relief and Jury Trial Request

Wherefore, Plaintiff, respectfully requests a jury trial and judgment be entered in favor of the Plaintiff against the Defendants for:

>   a. Actual, statutory, and punitive damages, costs, and fees pursuant to 15 U.S.C § 1681n and 15 U.S.C § 1681o.
>     b. Enter an award against the Defendant for breach of contract;
>   c. Equitable relief
>   d. Grant such further relief as the court deems necessary


Respectfully Submitted,

**Darrell Huskey Date:** 5/21/2026

1045 Station Street, Lakeland, FL 33813
darrell.huskey@gmail.com

Pro Se Plaintiff